UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SCOTT LOGAN, JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-06-155 |
| | § | CRIMINAL CASE NO. L:05-1074 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

OPINION AND ORDER

Pending before the Court is Scott Logan, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Dkt. No. 1][1].1 After considering the motion and applicable law, the motion is DENIED.

I. Procedural History and Relevant Facts

On May 10, 2005, Petitioner Scott Logan, Jr. was indicted by a federal grand jury with violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. 2 - knowingly and intentionally possessing with intent to distribute a controlled substance. Pursuant to a plea agreement, Petitioner pled guilty on July 11, 2005. On February 1, 2006, he was sentenced to a term of imprisonment of one hundred thirty (130) months. On the same day, Petitioner filed a Notice of Non-Appeal and in fact, no appeal was taken in this case. Subsequently, on October 27, 2006, Petitioner filed this petition to vacate, set aside or correct his sentence.

---

[1]"Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number L-06-cv-155. "Crim. Dkt. No." refers to the docket entries in criminal case number L-05-cr-1074.

II. Discussion

Under Title 28, United States Code, Section 2255 a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Upon the filing of such a petition, the sentencing court must order a hearing to determine the issues and findings of fact "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Id.

However, the Supreme Court has emphasized repeatedly that a "collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude. *Hill v. United States*, 368 U.S. 424, 428 (1962). Additionally, a defendant may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Frady*, 456 U.S. at 168.

Generally, a claim of ineffective assistance of counsel cannot be brought by direct appeal. Thus it is proper grounds for a § 2255 claim. However, the inquiry does not end there. To obtain post-conviction relief due to ineffective assistance of counsel, a defendant must show (1) that counsel's representations fell below an objective standard of reasonable service, and (2) that this deficient performance prejudiced the defense such that the outcome of the trial or criminal proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-91, 694 (1984). A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged

action was sound trial strategy. *Gray v. Lynn* , 6 F.3d 265, 268 (5th Cir. 1993); *Ricalday v. Procunier* , 736 F.2d 203, 206 (5th Cir. 1984).

In the instant case, Petitioner claims that he suffered from ineffective assistance of counsel as a result of counsel's failure to: 1) explain the consequences of a guilty plea; 2) file a timely notice of appeal; 3) object to or advise of an enhancement used at sentencing; and 4) seek a sentence reduction as a minor or minimal role participant and/or seek a downward departure. Each claim will be addressed in turn.

1) <u>Failure to explain the consequences of a guilty plea</u>

Petitioner argues that he suffered ineffective assistance because trial counsel failed to adequately appraise him of the consequences of his guilty plea. [Dkt. No. 1 at 5]. More specifically, Petitioner claims that counsel failed to advise him that he would be exposing himself to an enhancement and that he was led to believe that he would receive no more than sixty (60) months imprisonment. The issue of the enhancement will be addressed in part 3 below.

As the audio record of the plea colloquy makes clear, the District Judge who accepted Petitioner's plea conducted a Rule 11 inquiry. The District Judge, after placing Petitioner under oath, specifically admonished Petitioner that by entering a plea of guilty he was exposing himself to a  mandatory minimum of ten (10) years to a maximum of life imprisonment. The Judge further asked Petitioner to explain to the Court what Petitioner understood by a mandatory minimum of ten (10) years. The Judge then re-emphasized that Petitioner would be doing **at least ten (10) years**. The judge also explained that whatever the attorney may have said about the guidelines was his best judgment but that ultimately it was the Court's job to determine the appropriate guideline and that the Judge could sentence above or below the guidelines.

Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards to assure that a guilty plea is entered voluntarily and knowingly. Such rule requires the Court to address the defendant personally in open court to determine that the defendant understands the nature of the offense, as well as his rights as a criminal defendant. *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id*. at 78 (Stevens, J., concurring). "Compliance with the admonishments required under Fed. R. Crim. P. 11 provides 'prophylactic protection for the constitutional rights involved in the entry of a guilty plea.' " *U.S. v. Garcia* 2007 WL 900954, *3 (N.D.Tex.) (Citation omitted). The record clearly establishes that the District Judge gave the appropriate Rule 11 admonishments and Petitioner acknowledged that he understood the entire proceeding and entered a plea of guilty.

Additionally, Petitioner signed a plea agreement which specified that he was subject to a "term of imprisonment of not less than TEN (10) years and not more than LIFE IMPRISONMENT." [Cr. Dkt. No. 25]. This language was underlined in the plea agreement. The agreement further provided that "[t]he Defendant understands that the sentence to be imposed is within the discretion of the sentencing judge" and that "[t]he Defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the Defendant may have received from the Defendant's counsel . . . is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court." *Id.*

Petitioner has wholly failed to show that counsel's performance fell below an objective standard of reasonableness or that he suffered prejudice as a result. Accordingly, this claim fails.

### 2) Failure to file a timely notice of appeal

Petitioner next claims that he suffered ineffective assistance of counsel because his defense attorney failed to ask whether he wanted to appeal and failed to return telephone calls from Petitioner's family and letters from Petitioner regarding Petitioner's desire to appeal. [Doc. No. 1 at 7]. Petitioner does not specify the date of the telephone calls or letters.

It is well settled that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). Even assuming for the moment that defense counsel's performance was defective per the first prong of *Strickland*, it is clear from the record that Petitioner is not entitled to relief because he cannot show prejudice. In order to demonstrate prejudice in this context, a petitioner must show that had he "received reasonable advice from counsel about the appeal, he would have [in fact] instructed his counsel to appeal." *Id.* at 486.

Petitioner claims counsel did not inquire whether he wanted to appeal. However, the record reflects that Petitioner filed a Notice of Non-Appeal on May 20, 2004. [Cr. Dkt. No. 37]. In such notice Defendant specifically stated that "I know that I have the right to appeal to the Court of Appeals [and] I have discussed my case with my attorney and I have decided not to pursue an appeal." *Id.* Such notice clearly indicates Petitioner's desire not to appeal the district court's judgement. Therefore, even if defense counsel's performance fell below an objective standard of reasonableness, Petitioner cannot show that he suffered prejudice as a result.

### 3) Failure to advise of enhancement used at sentencing

Petitioner next contends that his counsel was ineffective because he failed to advise Petitioner that a prior criminal conviction would be used to enhance his sentence. Petitioner

further contends that the charge used to enhance was not valid, that it was not relevant conduct, and that he was never convicted of such charge. [Dkt. No. 1 at 8]. Although Petitioner fails to identify which prior conviction he claims was used to enhance his sentence, a review of the PSR leads the Court to conclude that Petitioner complains of his 1993 conviction for theft. Additionally, although Petitioner claims he was never convicted of such charge, he offers no evidence to support his claim. Nonetheless, this argument fails at inception as Petitioner's base offense level was not enhanced. While the prior criminal history was considered in calculating the guideline range, there was no "enhancement" as contemplated by the guidelines. Furthermore, it is undisputed that prior convictions may be considered at sentencing. *See U.S. v. Aguirre-Villa,* 460 F.3d 681, 683 (5th Cir. 2006) ("[C]ourt considered all of § 3553(a)'s factors, including Aguirre-Villa's extensive criminal history").

In this case, Petitioner has sixteen (16) prior convictions, a number of which due to age, were not given any criminal history points, and thus did not contribute to increase the guideline range.[2] Thus, this argument is without merit.

4) <u>Failure to seek a sentence reduction as a minor or minimal role participant and/or seek a downward departure</u>

Finally, Petitioner complains of counsels failure to seek a role adjustment based on his minor or minimal role in the offense and failure to seek a safety valve adjustment. [Dkt. No. 1 at 9]. The factual basis presented at the time of the guilty plea revealed that Petitioner was hired to transport a load of marihuana (over 3,000 lbs.) from Laredo to Georgia and that he would be paid between five and six thousand dollars upon delivery.

---

[2] Petitioner also had numerous other encounters with law enforcement, many of which had unknown dispositions. Three of these occurred after the date of the instant offense, and one of which was pending at the time of sentencing.

Regarding the failure to request a minor or minimal role adjustment, this Court (the sentencing court) has repeatedly rejected the argument that an individual engaged to move a controlled substance past the Border Patrol checkpoint warrants a minor or minimal role adjustment. It is well known that once the controlled substance is past the checkpoint, the risk of detection drops substantially. Accordingly, even had such request been made, Petitioner has presented nothing to convince this Court that it would have accepted such argument. Petitioner has thus failed to show prejudice.

As to the "safety valve" issue, Petitioner cannot show prejudice here because there is no basis to conclude that this Court would have awarded Petitioner a downward safely valve departure. In fact, Petitioner did not even qualify for consideration. Paragraph (f) of 18 U.S.C. § 3553 enumerates various criteria which, if satisfied, permit a sentencing court to impose a sentence below the statutory minimum for certain drug offenses. Among those criteria, the first requires that the defendant have not more than one criminal history point. Here, Petitioner had seven criminal history points. Thus, because he did not even qualify for the safety valve provision, counsel's failure to request it could not have fallen below an objective standard of reasonable service. Thus, this claim also fails.

III.  CONCLUSION

It is clear from the face of Petitioner's Motion, as well as the record as it currently stands, that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Accordingly, Petitioner's Motion to Correct, Vacate, or Set Aside Sentence is DISMISSED.  Additionally, should Petitioner seek a certificate of appealability, such is DENIED.

IT IS SO ORDERED.

SIGNED this 27th day of July, 2007.

Micaela Alvarez
United States District Judge